UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIA JAYNE CUMMINS,

    Plaintiff,

v.                                                              Case No.:  2:22-cv-379-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Maria Jayne Cummins sues under 42 U.S.C. § 405(g) to challenge the Commissioner of Social Security's decision denying her application for supplemental security income. (Doc. 1.) For the reasons below, the Commissioner's decision is reversed and remanded for further administrative proceedings.

### I. Background

The procedural history, administrative record, and law are summarized in the briefing (Docs. 20, 21, 22) and not repeated here. In short, Cummins filed her initial application for disability benefits in 2020, alleging disability because of a torn rotator cuff, anxiety, high blood pressure, memory loss, and rods in shoulder and back. (Tr. 256.)

Following a hearing, the ALJ found that Cummins was not disabled. (Tr. 10-22.) To make this determination, the ALJ used the multi-step evaluation process established by the Commissioner. *See* 20 C.F.R. § 416.920(a). An individual claiming Social Security disability benefits must prove that she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

The ALJ concluded that Cummins: (1) had not engaged in any substantial gainful activity since the application was filed in 2020; (2) had the severe impairments of degenerative disc disease of the lumbar spine, lumbar scoliosis, left shoulder full thickness tear of supraspinatus tendon and status post rotator cuff repair, chronic obstructive pulmonary disease, coronary artery

2

disease, hypertension, and obesity; (3) did not, however, have an impairment or combination of impairments that met the listings; (4) had the residual functional capacity (RFC) to perform a reduced range of sedentary work; and (5) based on the vocational expert's (VE) testimony, could engage in her past relevant work, both as she actually performed it and as it is customarily practiced in the national economy. (Tr. 10-22.) Considering these findings, the ALJ concluded that Cummins was not disabled. (Tr. 22.)

## II. Standard of Review

Review of the Commissioner's (and, by extension, the ALJ's) decision denying benefits is limited to whether substantial evidence supports the factual findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *see also Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). It is more than a mere scintilla but less than a preponderance. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The Supreme Court recently explained that, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

When determining whether the decision is supported by substantial evidence, the court must view the record as a whole, considering evidence

3

favorable and unfavorable to the Commissioner. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. And even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Finally, "[u]nder a substantial evidence standard of review, [the claimant] must do more than point to evidence in the record that supports [her] position; [she] must show the absence of substantial evidence supporting the ALJ's conclusion." *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017).

### III. Analysis

Cummins presses one issue on appeal: whether the ALJ erred by omitting mental impairments in her residual functional capacity and thereby concluding that she could perform her past relevant work as a telephone solicitor. (Doc. 20.)

When the claimant alleges a "colorable claim" of mental impairment, as here, the ALJ must apply the Psychiatric Review Technique (PRT) at step two of the evaluation process. *Moore*, 405 F.3d at 1213-14. This technique requires separate evaluations of how the claimant's mental impairment impacts four functional areas: "activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. § 416.920a.

4

These four areas of mental functioning are often referred to as "paragraph B" criteria.

If, after applying the PRT, the ALJ rates the functional limitations caused by the claimant's mental impairment to be "none" or "mild," then the ALJ will generally conclude that the impairment is not severe, "unless the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities." 20 C.F.R. § 416.920a(d)(1).

The limitations found when assessing the "paragraph B" criteria are not an RFC assessment. SSR 96-8p, 1996 WL 374184, at *4 (July 2, 1996). The mental RFC assessment "requires a more detailed assessment by itemizing various functions." *Id.* An ALJ is required to incorporate the results of the PRT into the findings and conclusions, including those found to be "nonsevere." 20 C.F.R. § 416.920a(e)(4). The regulations then impose further requirements on the ALJ:

> The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

*Id.; see also Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268-69 (11th Cir. 2019) (noting that "[c]onsideration of all impairments, severe and non-severe, is required when assessing a claimant's RFC"). As a result, even when the ALJ

finds that a claimant suffers from non-severe mental impairments, the ALJ's RFC determination must consist of more than an implicit finding that the claimant's afflictions "imposed no significant limitations on [her] work-related mental capacities." *Id.* at 1269. And "[i]f an ALJ fails to address the degree of impairment caused by the combination of physical and mental medical problems, the decision that the claimant is not disabled cannot be upheld." *Id.*

Once the ALJ has determined the claimant's RFC, the regulations provide that the ALJ may—but need not—use the testimony of a VE to address the other step four issue of whether the claimant can engage in her past relevant work. *Hennes v. Comm'r of Soc. Sec. Admin.*, 130 F. App'x 343, 346 (11th Cir. 2005). "A [VE] is an expert on the kinds of jobs an individual can perform based on [her] capacity and impairments." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004), *superseded on other grounds by* 20 C.F.R. § 416.920c. If the ALJ uses a VE, the ALJ "will pose hypothetical question(s) to the [VE] to establish whether someone with the limitations that the ALJ has previously determined that the claimant has" can engage in her past relevant work. *Id.* When doing so, the ALJ must present an accurate hypothetical to the VE that accounts for all the claimant's restrictions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1270 (11th Cir. 2007). When the hypotheticals posed to a VE do not comprehensively describe all the claimant's impairments and restrictions, an ALJ's decision based significantly on the VE's testimony will

be considered unsupported by substantial evidence. *Pendley v. Heckler*, 767 F.2d 1561, 1562-63 (11th Cir. 1985).

Cummins argues that although the ALJ found she did not have a severe mental impairment, the ALJ still had to incorporate the mild limitations found in the PRT analysis when assessing the RFC because such limitations could affect her ability to perform her past relevant work as a telephone solicitor, a semi-skilled job which requires frequent and substantial interaction with potential customers. (Doc. 20 at 7-8 n.11-13 (citing DOT Code 299.357-014 and DOT companion publication).) Cummins also contends that the hypothetical questions the ALJ posed to the VE did not include all her limitations, and thus the ALJ's reliance on the VE's testimony was reversible error. (Doc. 20 at 4.) The Commissioner responds that Cummins failed to prove she had a severe impairment, failed to prove her mental impairments caused any work-related limitations, and failed to meet her burden of proving she could not perform her past relevant work as a telephone solicitor. (Tr 21.) The Court agrees with Cummins.

At step two of his analysis, the ALJ noted that Cummins claimed she suffered from anxiety disorder, depression disorder, and bereavement disorder, and that all these ailments were medically determinable impairments. (Tr. 12.) Having found that Cummins's psychological afflictions were at least colorable, the ALJ considered the paragraph B criteria and concluded these impairments

7

caused Cummins only mild limitations in all four of the above-referenced functional areas. (Tr. 13-15.) Based on this evaluation, the ALJ determined Cummins's mental impairments were not severe. (Tr. 15.) The ALJ then acknowledged that the "limitations identified in the 'paragraph B' criteria [were] not a[n] [RFC] assessment but [were] used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process," and that the mental RFC "used at steps 4 and 5 of the sequential evaluation process require[d] a more detailed assessment[.]" (Tr. 15.)

Despite specifically noting that the paragraph B findings did not replace the more detailed mental RFC assessment required at step four, the ALJ's subsequent step-four discussion regarding Cummins's RFC does not analyze her mental impairments. (Tr. 16-21.) Instead, the ALJ focused entirely on the record evidence relating to Cummins's physical ailments and related limitations. *Id.* Based on that evidence, the ALJ made an RFC finding containing only physical limitations on Cummins's ability to work. (Tr. 17.) The ALJ then relied on the VE's testimony to determine that, considering Cummins's age, education, work history, and the physical limitations identified in the RFC, she could perform her past relevant work as a telephone solicitor. (Tr. 21-22.)

As Cummins argues, the ALJ's decision is flawed because he failed to reconcile his step-two finding that Cummins's anxiety disorder, depression

8

disorder, and bereavement disorder presented mild limitations in each of the four paragraph B functional areas with the step-four finding that Cummins could still perform her past relevant work as a telephone solicitor. "Severe or not, the ALJ was required to consider [Cummins's] mental impairments in the RFC assessment but evidently failed to do so." *Schink*, 935 F.3d at 1269. This was error. *Id.* ("Even the most favorable interpretation of the ALJ's opinion—namely, that the ALJ considered [the claimant's] mental conditions in the RFC assessment sub silentio and implicitly found that they imposed no significant limitations on his work-related mental capacities—would not permit us to affirm because, as our precedent holds, the ALJ's 'failure . . . to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal' in its own right."); *see also Hudson v. Heckler*, 755 F.2d 781, 785 (11th Cir. 1985) (holding that an ALJ's failure to consider a claimant's impairments in combination "requires that the case be vacated and remanded for the proper consideration").

Indeed, several courts in this District have relied on this rationale to reverse ALJ decisions under similar circumstances. *See, e.g.*, *Mitchell v. Comm'r of Soc. Sec.*, No. 2:20-CV-236-NPM, 2021 WL 4305088, at *6 (M.D. Fla. Sept. 22, 2021) (finding remand necessary where "the ALJ failed to expressly construct a logical bridge between his finding that [the claimant] had mild impairments in all four areas of mental functioning and yet no limits

9

whatsoever in the mental functions associated with work"); *Dulude v. Comm'r of Soc. Sec.*, No. 6:20-CV-890-DNF, 2021 WL 4026268, at *3-4 (M.D. Fla. Sept. 3, 2021) (same); *Jasper v. Saul*, No. 8:19-CV-711-T-CPT, 2020 WL 5270671, at *4-5 (M.D. Fla. Sept. 4, 2020) (same); *Robertson v. Kijakazi*, Case No. 8:20-cv-167-CPT, 2021 WL 9036513, at *4 (M.D. Fla. Sept. 30, 2021) (same).

The Commissioner's contention that Cummins failed to meet her burden of proving that she suffered from a severe mental impairment at step two (Doc. 21 at 6-10) misconstrues the nature of her claim. As Cummins points out in her reply brief, the issue here is that the ALJ erred at step four—not at step two—by failing to address the import of Cummins's non-severe mental impairments, as well as her alleged mental limitations, when assessing her RFC and her ability to perform her past relevant work. (Doc. 22 at 2.) The Court likewise is not persuaded by the Commissioner's contention that the ALJ did not have to include mild limitations from the PRT criteria in the RFC assessment. (Doc. 21 at 10.) This argument also misunderstands the error committed by the ALJ. *See Schink*, 935 F.3d at 1269 ("Even if [the Court] assume[d] the RFC assessment conducted by the ALJ included some silent consideration of [the claimant's] mental impairments, we have no way of knowing whether it included the 'more detailed assessment' required.").

At bottom, the ALJ failed to expressly construct a logical bridge between his finding that Cummins had mild impairments in all four areas of mental

10

functioning and yet no limits at all in the mental functions associated with her vocational capacity. Because of this error, the hypothetical question the ALJ posed to the VE (and upon which the ALJ relied) in determining Cummins could perform her past relevant work may not have accounted for all Cummins's functional limitations, particularly those pertaining to her mental abilities. This ambiguity in the ALJ's decision is notable because, as mentioned above, the telephone solicitor job would require Cummins to engage in frequent and substantial interaction with potential customers. Thus, the ALJ erred.

## IV. Conclusion

1. The decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider Cummins's RFC assessment and take any other action deemed necessary.

2. The Clerk is directed to enter judgment for Maria Jayne Cummins and against the Commissioner and close the file.

**ORDERED** in Fort Myers, Florida on April 10, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

11